[No. 11897.   Department Two.   April 29, 1914.]

BOARD OF DIRECTORS OF QUINCY VALLEY IRRIGATION DISTRICT, *Respondents*, v. E. M. SCOTT, *Appellant*.[1]

WATERS AND WATER COURSES—IRRIGATION DISTRICT—PROCEEDINGS TO ESTABLISH — CONCLUSIVENESS — APPEAL—OBJECTIONS NOT RAISED BELOW.   Where the record shows that directors of an irrigation district in their estimate, and the electors approving the estimate, determined that the sums proposed to be raised were reasonable and necessary, the same is conclusive upon appeal by a property owner who merely demurred to the petition, and offered no allegation or proof on the subject.

[1]Reported in 140 Pac. 391.

SAME—IRRIGATION DISTRICT—PETITION TO ESTABLISH—SUFFICIENCY. A petition for the organization of an irrigation district, under Rem. & Bal. Code, §§ 6489-6494, is not fatally defective in failing to set forth the boundaries of the district, where it contained a direct reference to the order of the county commissioners fixing the boundaries.

SAME. An allegation in a petition to organize an irrigation dis trict under Rem. & Bal. Code, §§ 6489-6494, that notices of the election were posted in three public places in each election precinct in the district, a convenient number of which had been established, is sufficiently definite and certain in that respect, on general demurrer, there being no motion to make more specific.

SAME. A petition to organize an irrigation district is not fatally defective in failing to allege that the estimate by the directors of the amount of money necessary to be raised was made on the advice and with the assistance of a competent engineer, the statute not requiring such advice, but only that the directors make the estimate.

STATUTES—TITLES AND SUBJECTS — AMENDMENT. The title "An act relating to the organization and government of irrigation districts, and amending" specified sections of Remington and Ballinger's Code, is sufficient to authorize the amendment of § 6417, amending the requirement that a petition for organization of a district be presented at a regular meeting, so that it might be presented at a special meeting.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered February 10, 1914, confirming the organization of an irrigation district and the issuance of bonds, upon overruling a demurrer to the petition. Affirmed.

*William M. Clapp*, for appellant.

*John P. Hartman* and *Arthur E. Nafe*, for respondents.

FULLERTON, J.—On December 1, 1913, the board of county commissioners of Grant county entered an order declaring certain territory situated in that county duly organized as an irrigation district, under the name and style of Quincy Valley Irrigation District. The district was organized pursuant to the provisions of Chapter VII of Title XLVIII of Rem. & Bal. Code, and the acts amendatory thereof. Thereafter a board of directors of such district was elected, which

board, on December 10, 1913, determined by resolution that, for the purpose of constructing necessary irrigating canals and works and acquiring the necessary property and right of way therefor and otherwise carrying out the purposes of the organization, it was necessary to raise money, estimating and determining the amount necessary to be raised at $160,-000. To that end, the board called a special election to be held in the district on a date named for the purpose of submitting to the electors of the district the question whether or not bonds of the district in that amount should be issued. An election was held pursuant to the call, at which the required number of electors voted in favor of issuing such bonds. The directors afterwards canvassed the vote, and finding that a majority favored the issuance of bonds, entered an order on the minutes of the board declaring the result of the election to be in favor of the issuance of such bonds.

Thereafter, and on January 13, 1914, the board of directors of the district commenced a special proceeding in the superior court of Grant county, under the provisions of §§ 6489-6494 of the act before cited, for the purpose of having the sufficiency of the proceedings had in the formation of the district and in the issuance of bonds "judicially examined, approved, and confirmed." The petition filed by the directors for such purpose set forth the entire proceedings in substantial detail, and particularly set forth the facts showing the proceedings had for the issuance of the bonds, and prayed that the court fix a time and place for hearing the same, direct that notice thereof be given as required by law, and that at such hearing the proceeding be judicially examined, approved, and confirmed.

At the time the petition was filed, the court fixed a day for the hearing thereof and directed that notice be given in the manner and for the time required by the statute. Notice was so given, and on the day appointed for the hearing, the appellant E. M. Scott appeared and demurred to the petition on the ground that it did not state facts sufficient to con-

stitute a cause of action, or facts sufficient to warrant the relief sought for in the petition. His demurrer was overruled by the court, whereupon he refused to plead further. The court thereupon entered judgment against him to the effect that he take nothing by his demurrer. Certain other property owners in the district also appeared, and by answer set forth that lands owned by them which had been included in the boundaries of the district were not capable of being irrigated by the same system of works applicable to the other lands of the district, as such lands lay above the common level of the gravity system of irrigation the directors of the district purposed to install. The court thereupon entered upon an inquiry into the proceedings, and finding that the allegations of the answering defendants were true, ordered the tract described stricken from the boundaries of the district. The court then inquired into the proceedings had with reference to the organization of the district, and with reference to the proposed issuance of bonds, and finding that such proceedings were had in accordance with the statute, entered a decree approving and confirming the same. From the decree, Scott appeals.

The first contention of the appellant, if we correctly gather it from his argument, is that the bond issue is too large, and that the special tax which it will be necessary to levy, in order to pay the accuring interest and principal upon the bonds, will confiscate his property. But we think the record is not sufficiently complete to enable us to determine this question. Had the appellant answered the petition and made the matter an issue, it is possible that, under the provisions of § 6493 of Rem. & Bal. Code (P. C. 271 § 155), he could have had it inquired into by the court. But he rested on the record as made by the petitioners, and this record shows that the board of directors of the district in their estimate, and the electors approving the estimate, determined that the sums proposed to be raised were reasonable and did not exceed the requirements of the district. Because of want of al-

legation and evidence to the contrary, this was conclusive up-
on the trial court, and of course conclusive here.

He next contends that the petition filed in the superior
court is fatally defective because it does not in itself contain
a description of the boundaries of the irrigation district. But
while the petition did not set forth the description, it contained
a direct reference to the order of the board of county com-
missioners in which the description is found. This we think
sufficient. It would, no doubt, conduce to convenience as a
matter of reference for the petition to contain a description
of the boundaries of the district, but the petition is not in-
definite or uncertain because of the omission. It is a rule of
logic, as well as a maxim of equity, that "that is certain
which can be made certain," and no difficulty arises from an
attempt to make certain the boundaries to which the peti-
tion refers.

The petition as filed, after reciting certain of the pro-
ceedings had by the board of county commissioners in the
formation of the district, further recites "and notices of the
said election were posted in three public places in each elec-
tion precinct in Quincy Valley Irrigation District, a con-
venient number of which election precincts had been estab-
lished and confirmed by the board of county commissioners
of Grant county in their order of November 3, 1913, which
is filed with the county auditor of Grant county." It is
urged that this is not a sufficient allegation of the estab-
lishment of such precincts by the board of county commis-
sioners to permit the introduction of proof of the fact at
the hearing before the superior court, and that the peti-
tion is fatally defective because of a want of a sufficient alle-
gation in this respect. But while the petition may have been
subject to a motion to make it more definite and certain for
want of a more positive allegation in this regard, it is clear-
ly sufficient as against a general demurrer.

It is objected, also, that the petition is fatally defective
in that it fails to allege that the estimate of the amount of

money necessary to be raised to carry into effect the enter-
prise, made by the board of directors of the district, was
made on the advice and with the assistance of a competent
engineer. The statute, however, while it does not forbid the
taking of such advice by the directors, does not specifically
require it. The requirement is that the board of directors
shall make the estimate, and when they in good faith make
such an estimate, and their estimate is approved by the qual-
ified electors of the district, all is done that is necessary to
constitute a compliance with the statute. *Hanson v. Kittitas
Reclamation District,* 75 Wash. 297, 134 Pac. 1083.

The petition for the organization of the irrigating district
was presented and heard at a special meeting of the board of
county commissioners of Grant county, called especially for
that purpose. The statute as it was originally enacted re-
quired a petition for the organization of an irrigating dis-
trict to be presented at a regular meeting of such board
(Rem. & Bal. Code, § 6417; P. C. 271 § 3). By the act of
March 22, 1913, (Laws 1913, p. 558; 3 Rem. & Bal. Code,
§ 6417), the statute was amended in this particular, and the
board of county commissioners in the present instance acted
under the amended act. The appellant concedes their action
was regular, if the amendment is valid, but he insists that the
amendment is invalid for want of a sufficient title. The act
is entitled: "An act relating to the organization and gov-
ernment of irrigation districts, and amending sections" etc.,
enumerating certain sections of Remington and Ballinger's
Code. But, without following the argument of the appel-
lant, we are clear that the title is sufficient, under the rule
of the cases of *State v. Scott,* 32 Wash. 279, 73 Pac. 365,
and *Whitfield v. Davies,* 78 Wash. 256, 138 Pac. 883.

Other objections are made to the proceedings, but we do
not find that they merit special consideration. The record
shows that the proceedings had with reference to the forma-
tion of the district, and the subsequent proceedings with ref-

erence to the issuance of bonds, are in substantial accord with the statute, and we find no reason to disturb the decree of the trial court. The decree will therefore stand affirmed.

CROW, C. J., PARKER, MOUNT, and MORRIS, JJ., concur.