. HORN v. SHAFFER, County Treasurer.

No. 2760.   Decided August 21, 1915 (151 Pac. 555).

1. WATERS AND WATER COURSES—IRRIGATION DISTRICTS—ESTABLISH-
   MENT—VALIDITY—RIGHT TO ACTION. Laws 1909, c. 74, Sec. 14,
   declaring that an irrigation district which has not been ques-
   tioned by quo warranto within a year shall be deemed a legal
   district, and its lawful organization shall not thereafter be ques-
   tioned, sets at rest matters pertaining to the organization of a
   district when not questioned by quo warranto within the speci-
   fied time, but does not affect substantive rights arising under
   the proviso in section 1, declaring that, where ditches have been
   constructed before the act, the ditches and lands watered thereby
   shall be exempt from the operation of the act, except that a dis-
   trict may be formed to purchase or lease the ditches; and an
   owner may sue to enjoin the collection of a special tax on his
   property, assessed by the irrigation district, on the theory that
   the same is exempt within the proviso, though the validity of
   the district has not been questioned by quo warranto within the
   statutory time.   (Page 58.)

2. WATERS AND WATER COURSES—IRRIGATION DISTRICTS—ESTABLISH-
   MENT—VALIDITY—RIGHT TO ACTION. An action to enjoin the col-
   lection of a special irrigation district tax, on the ground that the
   property is exempt under Laws 1909, c. 74, Sec. 1, is not an ac-
   tion assailing the regularity of the organization or legal exist-
   ence of the district, within Sec. 14, declaring that the legality of
   a district shall not be questioned, except by proceedings in quo
   warranto brought within a specified time.[1]   (Page 58.)

3. WATERS AND WATER COURSES—IRRIGATION DISTRICTS—ASSESS-
   MENTS—FINDING OF FACTS—CONCLUSIONS OF LAW. Whether land
   within an irrigation district is exempt from a special tax as-
   sessed by the district within the proviso of laws 1909, c. 74,
   Sec. 1, is a question of mixed law and fact, and the court must
   find the facts and make conclusions of law thereon, and de-
   termination of the matter on motion for nonsuit is reversible
   error.   (Page 60.)

4. WATERS AND WATER COURSES—IRRIGATION DISTRICTS—VALIDITY—
   RIGHT TO ASSAIL—STATUTES. Laws 1909, c. 74, Sec. 14, providing
   that an irrigation district, not questioned by quo warranto
   brought within a specified time, shall be deemed legally organ-
   ized, construed to limit the right to assail the regularity of

[1]*Lundberg* v. *Irrigation District*, 40 Utah 83; 119 Pac. 1039.

formation of a district in quo warranto, is constitutional, and does not deprive a person whose rights are affected by a special tax assessed by a district from seeking redress in the courts. (page 60.)

5. WATERS AND WATER COURSES—IRRIGATION DISTRICTS—SUIT TO ENJOIN COLLECTION OF SPECIAL TAX—PLEADINGS—EVIDENCE. Under a complaint seeking to enjoin the collection of a special irrigation district tax, without pointing out any particular act or irregularity sufficient of itself to invalidate the tax, evidence that the tax was illegal, because irregularly assessed, was properly excluded. (Page 61.)

Appeal from District Court, Fourth District; Hon. *A. B. Morgan*, Judge.

Action by E. E. Horn against J. M. Shaffer, as. County Treasurer of Uintah County.

Judgment of nonsuit. Plaintiff appeals.

·REVERSED and REMANDED, with directions.

*A. L. Booth* for appellant.

*Wallace Calder* for respondent.

FRICK, J.

The plaintiff brought this action in equity against the defendant, as county treasurer of Uintah county, Utah, to enjoin him from collecting a special tax assessed by. the New Hope Irrigation District on certain real property owned by plaintiff. After making the necessary allegations of inducement, the plaintiff in his complaint among other things alleged:

"That the pretended assessment against the plaintiff and his said lands of the said purported tax item given as 'N Hope,' as above described, was not and could not be legally made, for the reason that at the time of the pretended organization of said New Hope Irrigation District, and for many years immediately prior thereto, to wit, ever since the year 1906, the plaintiff, as co-owner with others, had constructed a ditch, and had conveyed through said ditch water to his

said lands as hereinbefore described, and had used said water on the said lands for irrigation and other beneficial purposes. Said water had been obtained under application No. 1090 in the office of the state engineer of the state of Utah, and the said ditch had been constructed and completed to the satisfaction of the said state engineer, and the said state engineer has now finally approved the said application 1090 and this plaintiff, ever since the filing of the said application, has been the owner of said water right for the irrigation of said lands. That said water applied for and obtained under said application is now, and at all times since the same was conveyed on said lands has been, ample and sufficient to properly irrigate for the raising of agricultural crops of all kinds the whole of said 160 acres of land owned by the plaintiff as aforesaid, and the said lands of this plaintiff are and always have been wholly exempt from the operation of the laws of the state of Utah governing irrigation districts. That the pretended officers of said New Hope Irrigation District have always known of the appropriation of the said water by this plaintiff for his lands as aforesaid, and have known of the construction and completion of the said irrigation ditch by the plaintiff as aforesaid.''

The plaintiff further alleged that said irrigation district was not organized for the purpose of purchasing, etc., the irrigation ditch mentioned in plaintiff's complaint; that the tax in question was void, for the reason that the statute authorizing the irrigation district aforesaid was invalid; and that the defendant threatened to, and would, unless restrained, advertise and sell plaintiff's said real property.

The defendant appeared in the action, and in answer to the allegations of the complaint which we have heretofore set forth averred as follows:

''The defendant denies on information and belief that the plaintiff's land described in said amended complaint at the time of the organization of the New Hope Irrigation District was exempt from the operation of the irrigation district laws of the state of Utah under which said irrigation district was organized. Defendant alleges on information and belief that the ditch mentioned  *  *  *  was a temporary ditch, and

that the plaintiff had no vested right in said ditch, and that he was merely licensed to use the said ditch until such time as the system of canals and laterals, which the New Hope Irrigation District was organized to purchase and construct, should be sufficiently completed to be available for carrying water to plaintiff's said land; that the plaintiff was, at the time of the organization of said district, a stockholder in the New Hope Irrigation Company, and that said company was at that time engaged in the construction of permanent canals and laterals for the purpose of irrigating the plaintiff's land described in said amended complaint, together with other land embraced in the New Hope Irrigation District as now constituted; and that the New Hope Irrigation District was organized to purchase, complete, and operate the said canals and irrigation works owned by the said New Hope Irrigation Company at the time of the organization of said district.''

The allegations in the complaint were based upon the proviso contained in section 1 of chapter 74, Laws of Utah 1909, which reads as follows:

''Provided, that where ditches, canals, or reservoirs have been constructed before the passage of this act, such ditches, canals, reservoirs and franchises, and the lands watered thereby, shall be exempt from the operation of this law, except such district shall be formed to purchase, acquire, lease or rent such ditches, canals, reservoirs and their franchises.''

It will be seen that plaintiff's allegations were also to the effect that the tax in question was illegal, because the officers of the irrigation district had no power or authority to levy a tax on plaintiff's land, and that the irrigation district was not organized for the purposes stated in the proviso. The defendant joined issue with the plaintiff upon the foregoing allegations.

When the case came on for trial, the plaintiff offered evidence tending to show that his land came within the proviso before quoted, and hence was not subject to the tax sought to be imposed upon it. The defendant object- **1, 2** ed to the proposed evidence, upon the ground that it was ''irrelevant and immaterial and inadmissible in this suit,'' etc. This objection was based upon section 14 of chap-

ter 74 aforesaid, which, among other things, provides that
when the things in said section enumerated have been done,
and the evidence thereof filed as there provided, and the—
"legality of regularity of the formation or organization
whereof [the irrigation district] shall not have been ques-
tioned by proceedings in *quo warranto* instituted in the dis-
trict court of the county in which such district or the greater
portion thereof is situated within one year from the date of
such filing, [said district] shall be conclusively deemed to
be a legally and regularly organized, established and exist-
ing irrigation district within the meaning of this act; and its
due and lawful formation and organization shall not there-
after be questioned in any action, suit or proceeding whether
brought under the provisions of this act or otherwise."

From an examination of the things enumerated in the
statute which must be made to appear and filed as afore-
said, and in view of the nature of the action, namely, *quo
warranto,* which must be brought within the year, it is ob-
vious that what was intended to be set at rest, unless assailed
within a year as aforesaid, were matters pertaining to the
formation or organization of the district only, and not sub-
stantive rights which may arise under the proviso we have
referred to. Just what questions of fact may thus be set-
tled by the action of the county commissioners in organizing
a district cannot and need not now be considered. More-
over, the lands and ditches mentioned in the proviso may lie
within the boundaries of the district in whole or in part, but
the owner cannot for that reason assail the formation or or-
ganization of the district. Nor can we see how he can claim
exemption from taxation for the benefit of the district as
organized until his land is attempted to be taxed for dis-
trict purposes. Indeed, his land may not be attempted to be
taxed until after the expiration of the year within which,
under the statute, the regularity or legality of the organiza-
tion of the district must be assailed.

Again, the landowner, who asserts his rights under the pro-
viso by an action like the one at bar, in no way assails the
regularity of the organization or the legal existence of the
district. His action may be determined either way; that is,

his land may by the court be held exempt under the proviso, or it may be held not exempt, and yet the organization of the district and its legal existence remain the same as if no action had been commenced. Such is also the logic of the decision in the case of *Lundberg* v. *Irrigation District*, 40 Utah, 83, 119 Pac. 1039, where we held the act in question not vulnerable to the constitutional objections there urged against it. We there said:

"To avoid any misconception, however, we desire to state that by what we have said we intend to and do pass upon the constitutionality of the law in question only. By anything said or omitted it is not intended to foreclose any landowner from seeking redress in the courts for any legal injury he may suffer by reason of the application of the law in question. If it should develop, therefore, in the application of the law, that certain lands within a certain irrigation district cannot be irrigated or benefited by the irrigation system, which is owned by the district and which is constructed under the law in question, the owner of lands within the district in a proper proceeding, timely commenced, may no doubt have the question determined as to whether his lands are being unjustly assessed or burdened to maintain an irrigation system through which his lands can neither be irrigated nor benefited in any way. All such questions are left open for consideration and adjustment when they properly arise."

A mere cursory examination of those parts of the pleadings we have set forth also show that both the plaintiff and the defendant regarded the question of whether plaintiff's land was exempt under the proviso a question of fact. The plaintiff alleged that it was exempt because of the facts stated, and the defendant denied the allegations in that regard. There can be no doubt that the question is at least one of mixed law and fact, and hence the court should have found the facts and made conclusions of law thereon, and should have entered judgment accordingly. Instead of that the court determined the whole matter upon a motion for a nonsuit. This constituted reversible error.

Plaintiff's counsel, however, also contend that the act is unconstitutional because it deprives a person whose rights are affected from seeking redress in the courts. This contention, for the reasons already pointed out, cannot prevail. There is no reason why the Legislature may not limit the right to assail the regularity of the forma-

tion or organization of a district, provided a reasonable time is given within which to bring an action for that purpose. This is practically all that is attempted by the limitation imposed in the act in question. If, however, the act should be construed as it seems to have been by the district court, namely, that it bars all actions, regardless of their nature or purpose, if not commenced within a year, a different question would have been presented, and one which it is not necessary at this time to discuss or determine.

The plaintiff has also assigned error because the court excluded evidence offered by him to show that the tax in question was illegal, because irregularly assessed. In view of the allegations of the complaint, we are of the opinion that the court committed no error in that regard. The allegations pointed out no particular act or irregularity which would have been sufficient in and of itself to invalidate the tax. While the record is meager and incomplete, yet sufficent appears that the defendant's objections and the court's rulings were based upon the insufficiency of the allegations in that regard. In view of the reversal of the judgment, those defects can possibly be cured by amendment.

For the reasons stated, the judgment is reversed, and the cause is remanded to the district court of Uintah county, with directions to proceed with the case in accordance with the views herein expressed, and to hear the evidence and make findings of fact and conclusions of law upon all proper issues presented by the pleadings and enter judgment accordingly. Appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.