[Civ. No. 2364.    Third Appellate District.—June 16, 1922.]

P. E. HARBOUGH, Appellant, v. ENLARGED BAXTER CREEK IRRIGATION DISTRICT (a Corporation), Respondent.

[1] INJUNCTION—INSUFFICIENT COMPLAINT—DENIAL—DISCRETION.—The granting of a temporary injunction is usually within the sound discretion of the trial court; and in this action by a land owner to restrain an irrigation district from selling certain bonds proposed to be issued in connection with the enlargement of the dis-

trict, in view of the insufficiency of the complaint, it could not be said that the trial court abused its discretion in denying plaintiff's application for a temporary injunction.

[2] APPEAL—SUSTAINING OF DEMURRER.—An order sustaining a demurrer is not appealable, and an appeal therefrom will be dismissed.

APPEAL from an order of the Superior Court of Lassen County denying a temporary injunction. George H. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Kelley for Appellant.

Pardee, Hardy & Pardee for Respondent.

FINCH, P. J.—Plaintiff applied to the trial court for a temporary injunction, basing his application on the complaint alone. This appeal is from the order denying the application. The allegations of the complaint are as follows:

"That said defendants are a corporation duly organized and existing under and by virtue of the laws of the State of California.

"That for several years last past plaintiff has been and now is the owner of the following described lands, situate, lying and being in said county and state, and more particularly described as follows, to-wit: S.½ of SE.¼ and E.½ of SW. ¼ Section 13 Township. 29 North of Range 13 East M. D. B. and M.

"That said defendants have enlarged or are attempting to enlarge said irrigation district and have incorporated and embraced all of said lands of plaintiff therein but that plaintiff objected to any and all of his said lands being incorporated or included in said district and now objects to any or all of his said lands being included in said district upon the following grounds and reasons, that all of his lands are so situated and lie in such a shape that he would not receive any benefits in irrigation or otherwise from the proposed enlargement of said irrigation district, that plaintiff has never voted at any election for said proposed bonds and has from the commencement objected to his lands or any part thereof being included or incorpo-

rated into said irrigation district, but the defendants disregarding his objections and requests have included all of plaintiff's lands within said district.

"That said defendants have voted bonds covering all of said lands of plaintiff and unless enjoined and restrained will sell all of said bonds covering all of the lands of plaintiff and thereby cast a cloud upon plaintiff's title to all of his said lands and will cause a multiplicity of law suits to divest and clear the title to said lands and thereby will cause irreparable injury to plaintiff by reason of the sale of such bonded indebtedness."

[1] It seems clear that the complaint does not state facts sufficient to authorize an injunction. Without attempting to point out all the defects of the complaint, it may be said that it does not appear under what law the district was organized, whether the plaintiff's land was a part of the original district or subsequently included therein in the alleged enlargement thereof, whether the enlargement was effected by a reorganization of the district or by a change of its boundaries, whether plaintiff's objection to the inclusion of his land was made in the manner provided by law, or whether he was granted a hearing and his objection overruled contrary to the facts proved at the hearing. The granting of a temporary injunction is usually within the sound discretion of the court and it certainly cannot be said in this case that the trial court abused its discretion.

[2] The court sustained defendant's demurrer to the complaint and granted plaintiff fifteen days within which to amend. Plaintiff attempted to appeal from the order sustaining the demurrer. Since the order is not appealable, the appeal therefrom is dismissed.

The order denying the application for a temporary injunction is affirmed.

Burnett, J., and Hart, J., concurred.