STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF LAND, APPELLANT.

FILED DECEMBER 18, 1907. No. 15,003.

1. Waters: IRRIGATION DITCHES: EXEMPTIONS. The proviso in section 1, art. III ch. 93a, Comp. St. 1905, that "where ditches or canals have been constructed before the passage of this act of sufficient capacity to water the land thereunder for which the water taken in such ditches is appropriated, such ditches and franchises and the land subject to be watered thereby shall be exempt from the operation of this law," is for the benefit and protection of the owner of such land, as well as for the owners of such irrigation ditches.

2. ————: IRRIGATION DISTRICTS: EXEMPTIONS. In the organization of an irrigation district, the judgment of the county board as to those matters which are by the statute committed to its consideration, investigation and determination may not be collaterally

attacked; but the question whether land is under a ditch already constructed of sufficient capacity to water the same is not by the statute left to the adjudication of the county board. The proviso in section 1, art. III, ch. 93a, Comp. St. 1907, expressly exempts such lands from the operation of the law.

3. ———: ———: ———. The provisions of sections 46 to 53, inclusive, art. III, ch. 93a, Comp. St. 1907, are not applicable to a case where land is, at the time of the organization of the irrigation district, under a ditch already constructed of sufficient capacity to water the same, such land being expressly exempted from the operation of said law by the proviso in section 1 of said article III.

4. Taxation: TENDER: INTEREST. Where a taxpayer makes a sufficient tender of payment of his general taxes, and the treasurer refuses to receive the same because said taxpayer will not also pay an invalid special tax, interest should not be charged the taxpayer in a suit brought under the scavenger law.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed in part.*

*Hainer & Smith, Hoagland & Hoagland, J. G. Beeler* and *A. Muldoon,* for appellant.

*L. E. Roach, contra.*

CALKINS, C.

The city of North Platte is situated between the North and South Platte rivers, a short distance west of their confluence. For a distance of some 25 miles west of North Platte the two streams flow parallel at about three to five miles apart. In 1883 the North Platte Irrigation & Land Company began the construction of a ditch to water the land located east of their intake, which was on the North Platte river, about 21 miles west of North Platte, and on May 1, 1884, they had completed their main ditch for this distance. The ditch was constructed through the south half of section 25, township 14, range 31 west, a tract lying a short distance northwest of the city of North Platte, and on the 21st day of July, in 1888, the said corporation conveyed to M. W. Walsh, the

answering defendant herein, the said south half of this section. The grantors reserved from this conveyance a strip of land of the width necessary for the right of way of their canal, and for enlarging and repairing the same, and a right of way across said lands for lateral ditches when the same became necessary; but no right to use the water from the ditch was expressly granted by the deed. After the enactment of the irrigation statute of 1889 (laws 1889, ch. 68), the said company seems to have posted and filed the notice of appropriation required by that law. Upon the taking effect of the act of 1895 (laws 1895, ch. 69, Comp. St. 1895, ch. 93a, art. II), and on the 2d day of July, 1895, the company filed a claim with the secretary of the state board of irrigation for the appropriation of water to irrigate the lands in question amongst other lands, which was afterwards, and on the 6th day of September, 1898, allowed. In 1896 the Suburban Irrigation District was formed under the provisions of ch. 70, laws of 1895 (Comp. St. 1895, ch. 93a, art. III), and there was included in its boundaries the said south half of section 25, township 14, range 31. The order of the county board establishing such district was made on the 2d day of May, 1896, and, the district having issued bonds, a petition was afterwards filed in the district court for a judicial examination of the proceedings for the organization of said district under the provisions of sections 59 to 63, inclusive, of said chapter; and a decree was rendered approving said proceedings, and declaring them legal in all respects, on the 5th day of August, 1896. The directors of said Suburban Irrigation District proceeded to levy taxes upon the said land, which were certified to the county treasurer, so that there were charged against the same upon the tax list of the county treasurer for the years 1896 to 1904, inclusive, taxes amounting to about the sum of $1,700, in addition to the taxes levied against said land for general purposes. The defendant Walsh had tendered payment of the general state and county taxes, but the county treasurer had re-

fused to receive the same, unless he would also pay the taxes levied by the irrigation district. After the enactment of the statute of 1903 (Comp. St. 1903, ch. 77, art. IX), commonly known as the "scavenger law," these taxes being unpaid, this action was begun to enforce their collection. The defendant Walsh answered, alleging the tender of the state and county taxes; that his land was under the canal of the North Platte Irrigation & Land Company; and that said canal was constructed before the passage of the act of 1903, and was of sufficient capacity to irrigate said land. He also challenged the regularity of the proceedings organizing the Suburban Irrigation District. The irrigation district was thereupon made party, and issues framed between it and the defendant Walsh. Upon a trial of these issues, the court found that the Suburban Irrigation District was duly organized, that the taxes levied by it were a valid lien, and rendered judgment for the same and for the principal of the state and county taxes, without interest. From so much of the judgment as related to the irrigation taxes the defendant Walsh appeals, and the state has filed a cross-appeal from so much of said judgment as refused to give interest upon the state and county taxes.

1. Before the enactment of the district irrigation law, the irrigation of land had been developed to a considerable extent by means of canals constructed by private parties or corporations organized for that purpose; but up to that time there had been no authority to form irrigation districts and levy taxes upon the land embraced therein for the purpose of constructing and maintaining irrigating ditches. The purpose of the district irrigation law was obviously to provide the means of reclaiming arid land for which up to that time water had not been available. It would have been clearly unjust for the legislature to permit these districts to be organized to include land already reclaimed, except in cases where the purpose of forming the district was to purchase or take over an irrigation system already existing; and to prevent this

injustice there was inserted in the first section of the act the following: "Provided, that where ditches or canals have been constructed before the passage of this act of sufficient capacity to water the land thereunder for which the water taken in such ditches is appropriated, such ditches and franchises and the land subject to be watered thereby shall be exempt from the operation of this law except such district shall be formed to make purchase of such ditches, canals and franchises, and that this law shall not be construed to in any way affect the rights of ditches already constructed." Laws 1905, ch. 165. It is contended on behalf of the irrigation district that this provision is for the benefit, not of the landowner, but for the protection of the owners of ditches and canals in existence at the time of the organization of such district, and that the North Platte Irrigation & Land Company had waived the benefit of this protection. We cannot agree to this construction of the statute. It is that "such ditches and franchises *and the land subject to be watered thereby* shall be exempt from the operation of this law." Such a construction would eliminate the words quoted in italics, and no reason is given why they should be disregarded. On the other hand, the reason they were inserted is obvious. In an arid country the construction of a ditch enhances the value of the land lying thereunder and subject to be watered thereby; and to treat such land as being unprovided with irrigation, and impose upon it the expense of a second reclamation, is to deprive the owner of such increment in value. If irrigation is a benefit, and the only justification of the district irrigation law rests upon the assumption that it is, then this land was made more valuable by reason of its being subject to be watered by the ditch of the said North Platte Irrigation & Land Company. The defendant Walsh appears to have purchased his land from this irrigation company. It is shown by the evidence that the land is under its ditch; that it is practicable to irrigate the same therefrom, and that the company had sufficient water which it was will-

ing to furnish for that purpose at all times up to the time of the trial. Where land owned by an irrigation company is reclaimed from its arid state, it is usually sold for a higher price, and this increase of price is one of the inducements toward such reclamation, and we may safely presume that the defendant, or any person who purchased lands of this irrigation company, paid a higher price than would have been charged but for such reclamation. We are therefore satisfied that his land should not have been included in the boundaries of the Suburban Irrigation District in the first instance.

2. It is, however, contended that the county board had jurisdiction, and that its determination cannot be attacked in this proceeding. It must be conceded that, as to those matters which were by the statute committed to the consideration, investigation and determination of the county board, its judgment should not be collaterally attacked; but the question here is: Was it left to the county board to decide whether this land was under a ditch constructed prior to that time and of sufficient capacity to water the same? A similar question, arising under the same statute, has once been before this court. Sections 47 to 54, inclusive, of the same act provide for proceedings by means of which land may be excluded from an irrigation district; and section 49 contains the proviso that in no case shall any land be held in any district or taxed for irrigation purposes which cannot, from any natural cause, be irrigated thereby. This clause was construed in *Andrews v. Lillian Irrigation District*, 66 Neb. 461. In this case it was alleged that the plaintiffs were the owners of certain lands lying within the boundaries of the irrigation district, which were low, wet, swampy lands and totally unfit for irrigation, and which needed to be drained before they could be farmed. Observing that it is provided under section 2 that no lands shall be included in the district that would not in the opinion of the board be benefited by irrigation therefrom, the court declares that the question whether a particular

tract of land will be benefited by a proposed system of
irrigation is exclusively for the county board, and that its
conclusion cannot be attacked in a collateral proceeding.
Considering the proviso in section 49 the court say: "As
already shown, whether a particular tract of land will be
benefited by a proposed system of irrigation is a question
which the legislature has confided to the county board.
Whether a particular tract of land from some natural
cause cannot be irrigated is a question which goes to the
jurisdiction of the county board over such tract and may
be raised at any time in a proper case, because section 49,
*supra,* expressly denies the jurisdiction of the county board
to include such land in an irrigation district, or to tax it
for irrigation purposes." The reasoning of this case ap-
plies to the question we are considering. If the provision
that land which cannot, from any natural cause, be irri-
gated by a ditch excludes it from the jurisdiction of the
county board, certainly the provision that land subject to
be watered by a ditch constructed before the passage of
the act and of sufficient capacity to water the same shall
be exempt from the operation of the law would prevent the
county board from passing upon and determining this
question. If the section in question had said that, where
ditches or canals have been constructed before the passage
of the act of sufficient capacity to water the land there-
under, for which the water taken in such ditches is appro-
priated, such ditches and franchises and the land subject
to be watered thereby shall not be held by any district or
taxed for irrigation purposes, we would have had pre-
cisely the same question as was presented in *Andrews v.
Lillian Irrigation District, supra.* The exclusion in sec-
tion 1 is more radical and fundamental than that in section
49. It is that the lands described shall be exempt from
the operation of the law; and it is only by the operation
of the law that the county board can claim jurisdiction.
Without this statute, from which this land is expressly
made exempt, neither the county board which made the or-
der, nor the district court which afterwards examined it,

had any jurisdiction whatever. Their jurisdiction arose by operation of this statute. The defendant's land was expressly and by the plain and unequivocal language of the statute exempted from its operation.

3. It is contended on behalf of the irrigation district that, if the lands of the defendant Walsh were wrongfully included in the district, he had a plain statutory remedy under sections 46 to 53, inclusive, of the act. We have already seen that under the rule in *Andrews v. Lillian Irrigation District, supra,* the express exclusion of authority negatives the jurisdiction of the county board. The claim made on behalf of the irrigation company is untenable for another reason. In the proceeding provided for in the sections above referred to there is no authority to inquire concerning, nor to determine, the fact whether the lands sought to be excluded were under another ditch of sufficient capacity to water the same before the enactment of the law. The only provision contained in these sections, as to what shall be cause for excluding the land, is that, if the directors deem it for the best interests of the district that the land mentioned in the petition, or some portion thereof, shall not be excluded, they shall deny the petition.

4. The conclusion at which we have arrived in reference to the validity of the taxes levied for irrigation purposes disposes of the appeal of the state from the decision of the district judge that the tender of the state and county taxes relieved the defendant Walsh from the liability to pay interest on the same. Whatever may be the rule where a taxpayer tenders his general taxes, but refuses to pay a special tax which is valid, it is perfectly clear that, where the special tax which he refuses to pay is invalid, and he tenders all the legal taxes, such tender should relieve him from the payment of interest.

We therefore recommend that the judgment of the district court be affirmed as to the state, county and general taxes, and reversed as to the taxes levied for irrigation purposes; and that the district court be directed to enter a decree that the latter are void and not a lien upon the land in question.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed as to the state, county and general taxes, and reversed as to the taxes levied for irrigation purposes; and the said court is directed to enter a decree that the latter are void and not a lien upon the land in question.

JUDGMENT ACCORDINGLY.