[Civ. No. 2893.   Third Appellate District.—May 2, 1925.]

## CITY OF FRESNO, Respondent, v. FRESNO IRRIGATION DISTRICT et al., Appellants.

[1] MUNICIPAL CORPORATIONS—LANDS WITHIN IRRIGATION DISTRICT—EXEMPTION FROM ASSESSMENT.—While the land of a municipality, situated within an irrigation district, is not expressly exempt from assessment by such district, there may exist an implied exemption, dependent upon the use to which the property is put.

[2] ID.—PUBLIC USE—IMPLIED EXEMPTION.—The principle in regard to the exemption of public property is that, while the exemption from liability to assessment for public improvements will be implied, such implication will only arise when the property is actually appropriated to public use.

[3] ID. — USE OF LANDS FOR AGRICULTURAL ACTIVITIES — CHANGE OF PUBLIC USE.—In an action by a municipality against an irrigation district (in the form of an action to quiet title) to prevent the collection of an assessment upon certain lands owned by plaintiff, and used by it as part of its municipal sewer system, although it is admitted in the complaint that portions of said land are used by plaintiff for the purpose of raising alfalfa and grain and for vineyard purposes, and that an income is produced from its agricultural activities, it does not follow that the public use of the land is changed, because, notwithstanding this cultivation, if use is still made of these areas for the disposal of sewage, then they retain their character as property devoted to public use.

[4] ID.—SEPARATION OF LANDS DEVOTED TO PUBLIC USE.—ASSESSMENT OF WHOLE. — Conceding that defendant irrigation district could properly assess the portions of plaintiff municipality's lands within the irrigation district, and used by plaintiff for agricultural and horticultural purposes, that would not render the remaining portion of plaintiff's lands within the district, and which was used as a part of plaintiff's sewer system and which could be separately designated from the former portions, liable also to assessment.

[5] ID.—EXEMPT PROPERTY—REMEDY OF CITY.—The property of plaintiff being exempt from assessment, it was not necessary that plaintiff, in order to avoid assessment, should have attempted to have its lands excluded from the irrigation district or that, after the

1.   On liability to local assessments for benefits of property exempt from general taxation, notes, 35 L. R. A. 33; 18 L. R. A. (N. S.) 451.

2.   Exemption from taxation of land owned by government bodies, or in which they have an interest, note, 132 Am. St. Rep. 291.

assessment was levied, it appear before the board of directors
of the district sitting as a board of equalization or object to the
assessment.

(1) 40 Cyc., p. 824, n. 56.    (2) 28 Cyc., p. 1117, n. 63 New.
(3) 40 Cyc., p. 824, n. 56.    (4) 40 Cyc., p. 824, n. 56.    (5) 40 Cyc.,
p. 824, n. 56.

APPEAL from a judgment of the Superior Court of
Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harris, Johnson, Willey & Griffith and Harris & Hayhurst
for Appellants.

W. E. Simpson, City Attorney, for Respondent.

JONES, J., *pro tem.*—This action was brought by plain-
tiff to obtain a decree quieting its title to certain lands and
to enjoin the defendants from selling said lands for the pay-
ment of an assessment levied thereon by the defendant dis-
trict and from levying any tax or assessment against the
lands. The defendants demurred to the complaint on the
ground that it did not state facts sufficient to constitute a
cause of action against them or either of them, which de-
murrer was overruled.

The defendants did not answer the complaint, and judg-
ment was then rendered in favor of the plaintiff, from which
judgment the defendants have appealed.

In brief, the complaint alleges as follows: That the plain-
tiff is, and since October 27, 1885, has been a municipal
corporation; that the defendant, the Fresno Irrigation Dis-
trict, is and since July, 1920, has been a public irrigation
district organized under the laws of the state of California,
and that the defendant, Will Sutherland, is and ever since
the organization of the said district has been the collector
of said district; that the plaintiff owns and since April 6,
1907, has owned certain real property situate within said dis-
trict and consisting of 812 acres of land; that an assessment
of said lands (excepting a twelve-acre tract, which was by
mistake assessed to another person) for the year 1921 was
made by the assessor of said district; that the directors of

the district then levied an assessment on the lands within said district, including the lands of the plaintiff; that the assessment on its lands was not paid by plaintiff and that the defendant, Sutherland, as the collector of the district was proceeding to sell said lands for the assessment, percentages, and costs.

The construction and maintenance of a system of public sewers by the plaintiff are then alleged, which system consists of a number of mains and laterals within the city, an outfall sewer about five miles long from the southwest corner of the city to and upon the property here involved, the sewer farm, consisting of said real property upon which are constructed two septic tanks, and a number of ditches and lines for distribution of the effluent from the septic tank to and upon said lands; that the solids in the sewage are dissolved by bacterial action in the septic tanks and the sewage is discharged therefrom in liquid form and distributed over and upon the land so that it may sink and percolate into the soil. It is further alleged that said "tract is not sufficient for the disposal of the discharge from said city and that plaintiff is leasing 160 acres of land at a rental of $4,800 per year, for flowage of said sewage. That of said 812 acres 545 acres are not cultivated in any respect, but are covered with wild grasses, and are used principally for discharge of said sewage, during the winter; the portion thereof when not covered by water is used by plaintiff for pasturing · stock for compensation, and pasturing stock of plaintiff used on said sewer farm; 207 acres are planted to alfalfa, which are flooded from time to time with sewage; the hay grown on said land is sold by plaintiff and used to feed stock belonging to plaintiff used on said farm; that about thirty (30) acres are planted to grain, which will be sold by the plaintiff or used for feed of stock belonging to plaintiff used on said farm; that about seven (7) acres are planted to vineyard, which is not in bearing; the septic tanks occupy about three (3) acres; about seven (7) acres are used for residence of foreman, outbuildings and corrals, and about thirteen (13) acres (not cultivated) are used from time to time as required. That all of said real property, including the portion thereof planted to alfalfa, grain and vineyard, except the portion set apart for buildings, is used for disposal of sewage, and that the

farming and grazing of a portion thereof are incidental to and in aid of the disposal of said sewage and are not conducted with a view to making a profit." It is then alleged "that the total receipts from said sewer farm from its acquisition to and including the year 1920, barely offset the expense of the maintenance and operation of the septic tanks, sewage disposal and sewer farm, but were not sufficient to pay the expense of the maintenance of said sewer system within said city," and the receipts for four fiscal years are set forth as follows: For the year 1918, $9,022; 1919, $17,-888; 1920, $10,794; 1921, $10,532.02, while for the fiscal year commencing July 1, 1919, the expense for the operation and maintenance of the outfall sewer was $7,035.07, of the septic tanks and sewer farm $16,267.81, and of the system within the city $26,040, and for the year 1920, the expense for the outfall sewer was $9,692.28; for the septic tanks and sewer farm, $13,554.23, and for the system within the city, $15,225. It is also alleged that there are no fees or charges made for the use of said sewer, other than the ordinary municipal taxes. Other allegations are contained in the complaint, but we have mentioned only those we deem pertinent for the purpose of this decision.

In the judgment we find the following recital: " . . . and the defaults of said defendants, and each of them, having been duly entered, and the plaintiff having applied for judgment in accordance with the prayer of the complaint, and the court having taken and heard evidence, and it appearing to the satisfaction of the court, and the court finds": and then are incorporated findings which closely follow the allegations of the complaint.

It is the contention of the appellants that the court erred in overruling their demurrer to the complaint, claiming that it is apparent therefrom that the lands of the city are not necessarily or actually used exclusively for governmental purposes, and that, where the property of a municipality is not so used, there is no exemption in law, express or implied, of such property from assessments of the character mentioned herein.

[1] It has been definitely held that the land of a municipality, situated within an irrigation district, is not expressly exempt from assessment by such district. (*San Diego* v.

*Linda Vista Irr. Dist.*, 108 Cal. 189 [35 L. R. A. 33, 41 Pac. 291].)

But though there is no express exemption, there may exist an implied exemption, dependent upon the use to which the property is put. **[2]** It has been stated that "the principle in regard to the exemption of public property is that while the exemption from liability to assessment for public improvements will be implied, such implication will only arise when the property is actually appropriated to public use" (35 L. R. A. 39, note), and this, in effect, is declared to be the rule in California (*City Street Improvement Co.* v. *Regents, etc.*, 153 Cal. 776 [18 L. R. A. (N. S.) 451, 96 Pac. 801]). In the case just cited, the court, after citing a number of cases decided in other jurisdictions, said: "A reading of these cases will disclose that in many of the states, upon the theory that, in the absence of express prohibition, even the state should bear its share of benefits for special assessments, it is held that property, although devoted to public use, is liable to such assessment. The rule in this state is, as above indicated, that such property when actually devoted to the public use is exempt; otherwise not."

**[3]** To sustain the contention of the appellants, we must hold that the complaint shows that the lands of plaintiff were not actually devoted to a public use. That certain portions of the property are used by the respondent for the raising of alfalfa and grain and for vineyard purposes, and that an income is produced from its agricultural activities, are facts admitted in the complaint, but it does not follow that, because of these facts, the public use of the land is changed. If, notwithstanding this cultivation, use is still made of these areas for the disposal of the sewage, then they retain their character as property devoted to public use, and we cannot say that the growing of alfalfa or grain or the planting of a vineyard will necessarily preclude the city from discharging the fluid from the septic tanks over the portions used for such purposes, or will necessarily mean that these portions are withdrawn as a part of the city's sewer system. Further, it is alleged that "all of said real property, including the portion thereof, planted to alfalfa, grain and vineyard, except the portion set apart for buildings, is used for

disposal of sewage,'' which allegation tends to negative the contention of the appellants.

We are satisfied that the complaint does not show that the property of the respondent is devoted to a private use, so as to render it liable to assessment, and the appellants' contention in that respect cannot be sustained.

[4] It may be further pointed out that while only a portion of the 812 acres owned by respondent within the irrigation district was used for the growth of the alfalfa, grain, and vineyard, yet the entire property, including that portion upon which are erected the septic tanks, is included in the assessment. Even though it should be conceded that the district could properly assess the portions used for agricultural and horticultural purposes, yet that would not render the remaining portion, which without question was in use as a part of the sewer system and which could be separately designated from the former portions, liable also to assessment.

[5] The appellants urge that there is no showing in the complaint that the city attempted to have its lands excluded from the district or that, after the assessment was levied, it appeared before the board of directors of the district sitting as a board of equalization or objected to the assessment. The property being exempt from assessment, it was not necessary that the city, in order to avoid assessment, should have taken either of these steps.

We conclude that the court did not err in overruling the demurrer, and that the judgment should be affirmed. The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.