## TOMICH et al. v. UNION TRUST CO. et al.

Circuit Court of Appeals, Ninth Circuit.
March 25, 1929.

No. 5664.

516

W. N. Waugh and John A. Shelton, both of Butte, Mont., for appellants.

Gunn, Rasch, Hall & Gunn, of Helena, Mont., for appellees.

Before RUDKIN and DEITRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This is an appeal from the decree of the court below, sustaining a motion to dismiss a bill seeking an injunction to prevent the collection or payment of bonds or warrants issued by an irrigation district in Montana, and from the levy or collection of taxes for the payment thereof. The plaintiff Tomich is the owner, and his coplaintiffs are the mortgagees, of lands in the district. The defendants are the district and its officers, the holders and owners of the bonds and warrants, and the taxing authorities of the district and county.

The law of Montana (section 7167 et seq., 2 R. C. M.) furnishes an elaborate system for the organization of irrigation districts, provides the qualification and election of the officers of such districts, and their power and duties. It is modeled after the Wright Law of California (St. 1887, p. 29), which was sustained by the Supreme Court (Fallbrook Irr. Dist. v. Bradley, 164 U. S. 112, 17 S. Ct. 56, 41 L. Ed. 369), and has been held valid by the Supreme Court of the state (O'Neill v. Yellowstone Irr. Dist., 44 Mont. 492, 121 P. 283). It provides that, for the purpose of organizing an irrigation district, a petition signed by a majority in number and acreage of the holders of title or evidence of title of land subject to irrigation from the same general source shall be filed with the clerk of the district court of the county in which such lands are situated, setting forth the name of the proposed district, the general description of the lands to be irrigated, the names of the holders of title or evidence of title to such lands, and, if the holder is a nonresident of the county, his postoffice address, if known, the source from which the lands are to be irrigated, the character of the works proposed to be acquired or constructed, and praying that the lands embraced within the proposed district be organized as an irrigation district, according to the provisions of the law; the petition to be accompanied by a map or plat of the proposed district. Section 7167.

On the filing of the petition, the court or judge thereof shall make an order fixing

the time and place of hearing the petition, and direct that notice thereof be given, and the clerk is required to publish, at least once a week for two consecutive weeks in some newspaper published in the county, a copy of the petition, together with a notice stating the time and place fixed by the court when and where the hearing will be had, and, if the holder of title to land in the proposed district is a nonresident of the county, to mail a copy of the petition and notice to him at his post office address. The certificate of the clerk as to the fact of the posting of notice shall be sufficient evidence thereof. Section 7168.

At the time specified in the notice, or an adjourned hearing, the court shall hear the petition, and may make such changes in the proposed district as may be deemed advisable, but shall not exclude any lands susceptible of irrigation from the same general source, if the owners thereof shall file a written request that such lands be included, "nor shall any lands which will not, in the judgment of the court, be benefited by irrigation by means of such system or works, nor shall lands already under irrigation, nor lands having water rights appurtenant thereto, nor lands that can be irrigated from source more feasible than the district system be included within such proposed district."

If, on final hearing, it is found by the court that the petition does not sufficiently comply with the requirements of the law, or that the facts stated are not sustained by the evidence, the court shall dismiss the petition; but if it finds the petition substantially complies with such requirements, and the facts therein stated are sustained by the evidence, it shall make an order setting forth its findings and establishing the district, and such findings and order shall be final, unless appealed from to the Supreme Court within 60 days. Section 7169.

The laws provides for the election and qualification of commissioners, defines their powers and duties (Sections 7170, 7171, and chapters 30, 31, 32, 33), and that for the purpose of procuring the necessary funds for constructing the proposed irrigation works, or acquiring the necessary property and rights therefor, the commissioners may issue negotiable bonds of the district; but no bonds shall be issued, except upon petition addressed to the commissioners, signed by at least a majority in number and acreage of holders of title or evidence of title to lands within the district, setting forth the aggregate amount of bonds to be issued, and the purpose or purposes thereof. Upon the pres-

entation of such a petition, the commissioners shall, by appropriate order or resolution, authorize and direct the issuance of bonds and the assessment and levy of taxes for their payment to the amount and for the purpose specified in the petition, fix the number, denomination, and maturity thereof, prescribe the form, and designate the place of payment. Section 7210.

Within 10 days after the adoption of such order or resolution, the commissioners are required to file a petition in the district court for the determination of the validity of the petition relating to the issuance of bonds and levy of taxes or assessment. The petition shall set forth the establishing and organization of the district a certified copy of the petition praying for the issuance of the bonds, and the order or resolution of the commissioners, and pray for confirmation of the order for issuance of the bonds, and the special taxes or assessment to pay the same and interest thereon. Upon the filing of the petition, the court is required to fix a time for the hearing, not less than 15 days from the date of filing, and order the clerk to give notice, stating time and place of the hearing, by publication at least once a week for two consecutive weeks in a newspaper published, and of general circulation in the county, and by posting a copy thereof in at least three places in each division of the district, and any person interested, or who may be affected by the issuance or sale of the bonds, or levy of the tax or assessment, may demur to or answer the petition and contest the granting of the prayer of the petitioners.

Upon the hearing the court shall determine whether the provisions of the law have been complied with, and notice of the hearing been duly given for the time and in the manner provided, and shall have power and jurisdiction to examine and determine the regularity, legality, and validity of such proceedings, and may ratify, approve, or confirm the same in whole or in part, and may ratify, approve, and confirm the issuance of bonds and the levy of the special tax or assessment, and enter judgment accordingly. From such a decree an appeal may be taken to the Supreme Court within 10 days. If no appeal is taken, or if taken and the judgment or decree is affirmed, such judgment and decree shall be forever conclusive upon all the world as to the validity of the bonds and tax or assessment, and the same shall not be called into question in any court in the state. The bonds issued in pursuance of such proceedings shall be a lien upon all the land in the district, and such land shall be subject to special tax or assess-

ment for the payment of interest and principal thereof. Section 7213.

A copy of the proceedings had in the organization of the district and the issuance of the bonds is attached to the bill, from which it appears that the provisions of the law were complied with.

■ The plaintiffs, however, alleged that at the time of the formation of the district "there was in existence a system of irrigation by which water was supplied to all the lands owned by or mortgaged to complainants," and that such lands "were then under irrigation and there were water rights appurtenant thereto," and that plaintiffs did not consent to the inclusion of such lands within the district, nor did they participate in the organization thereof. They therefore argue that the court was without jurisdiction to include their land within the district. But whether the lands should or should not have been included was for the determination of the court on the hearing of the petition for the organization of the district.

■■ The mortgages of the mortgagee plaintiffs are on lands owned by Floyd and W. H. Ungles, each of whom was a petitioner for the organization of the district, and for the issuance of the bonds in question, and they and others claiming under them are manifestly estopped to now challenge the legality of the proceedings. Tomich was not a petitioner, but his name was stated in the petition as the owner of a particularly described tract of land proposed to be included in the district. He had the notice of the proceedings required by the law, and he did not appear at the hearing and object to the inclusion of his land, and was therefore at least a passive participant. He was silent when he should have spoken, and will not be heard to speak now. The court found that his land should be included in the district, and he is not now in position to question its conclusions collaterally.

■ The general rule under statutes for the organization of irrigation districts is that an objection that land proposed to be included in the district should not be included must be made by the landowner at the time the district is formed, where a hearing is afforded for that purpose. Oregon, S. L. R. Co. v. Pioneer Irr. Dist., 16 Idaho, 578, 102 P. 904; In re Bonds of Drainage Dist., 22 Ariz. 48, 205 P. 806; Wilder v. South Side Irr. Dist., 55 Colo. 363, 135 P. 461; Am. Falls Reservoir Dist. v. Thrall, 39 Idaho, 105, 228 P. 236; Jackson v. Bonneville Irr. Dist., 66 Utah, 404, 243 P. 107; Yellow Jacket Irr. Dist. v. Pleasant Valley Ranch, 78 Colo. 543,

243 P. 635. The cases of Andrews v. Lillian Irr. Co., 66 Neb. 458, 97 N. W. 336, State v. Several Parcels of Land, 80 Neb. 424, 114 N. W. 283, Horn v. Shaffer, 47 Utah, 55, 151 P. 555, and Fresno v. Fresno Irr. Dist., 72 Cal. App. 503, 237 P. 772, cited by plaintiffs, are either contrary to the great weight of authority, or are based on particular statutes then under consideration.

■ The plaintiffs also allege that the bonds issued and authorized to be issued by the district were largely in excess of the benefits accruing to the property therein, but that matter is likewise determined by the order and decree of the court, for, as said by the Supreme Court of the state: "It is now too late to question the validity of the proceedings either preliminary to the order of the court establishing the district, or those had for the purpose of authorizing the board of commissioners to issue bonds. By section 4 [Laws 1909, c. 146], the finding and order of court establishing the district is made conclusive upon all the owners of lands included in it, and final unless an appeal be taken therefrom to this court within 60 days after its entry. Section 41 requires the board, within 10 days after making its order directing the issuance of bonds, to present a petition to the district court for confirmation and ratification of its proceedings in connection with, and anterior to, its order directing the issuance of the bonds. Notice must be given and a hearing be had by the court for all persons whose rights may be affected by the issuance and sale of the bonds. The statements in the petition may be put in issue. The issues presented, if any, must be tried as issues in an ordinary action. The final judgment or order is conclusive, unless an appeal be taken to the Supreme Court within 10 days. The time during which an appeal may be taken from the orders in question having expired, neither of them, in the absence of allegation and proof of fraud procuring it, can now be called in question."

The plaintiffs also argue that the Montana Irrigation District Law is violative of the federal Constitution. That question is, we take it, concluded by the Fallbrook and O'Neill Cases heretofore referred to. The declaration in the law that the order and decree of the court shall, unless appealed from, be final, and shall not be called in question in any court, is but a statement of the general rule applicable to such judgment and decrees.

■ It is suggested that the Montana statute is invalid, because it deprives a nonresident of the right of removal to the federal court. The right of removal is, of course, governed

by the federal statutes, and cannot be defeated by state legislation; but there was no attempt by the Montana statute to do so, and it would have been unavailing, if it had. The right of removal depends on the nature of the proceedings in the state tribunal, and other jurisdictional facts existing.

Judgment affirmed.