BIRDWOOD IRRIGATION DISTRICT, APPELLEE, v. HARRY BRODBECK ET AL., APPELLANTS.

29 N. W. 2d 621

Filed November 14, 1947. No. 32258.

*C. L. Baskins,* for appellants.

*Carr & Hoagland,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

PAINE, J.

This is an action to foreclose a tax sale certificate, owned by plaintiff irrigation district, and issued for delinquent irrigation taxes. Defendants denied that the land could be irrigated, because of natural causes, and therefore was not subject to irrigation taxes within the district. The decree found generally for the plaintiff, and defendants appealed.

The plaintiff filed a petition alleging that it is a public corporation, organized under the provisions of chapter 46, R. S. 1943, as the Birdwood Canal, for the operation of an irrigation canal to furnish irrigation water for the land in said district; that a canal was constructed through various lands in Section 8, Township 14, Range 32, now owned by the defendants; that the plaintiff district has maintained said canal, and all of said lands have been benefited from the waters of said canal; and that bonds were duly issued by the plaintiff district for the construction required, and taxes levied for the purpose of general maintenance of the plaintiff district.

An itemized statement of the taxes duly assessed for the years 1927 to 1938 inclusive, against Lots 1, 2, 3, and 4 in said Section 8, is set forth. It is alleged that no

part of said taxes has been paid, although legally advertised for sale by the county treasurer; that the plaintiff irrigation district purchased said taxes and secured tax sale certificate from the county treasurer of Lincoln County for such delinquent irrigation taxes; and that the amount due on said tax certificate was $1,622.46, with interest at 7 percent from September 25, 1940.

The plaintiff prayed for a decree finding the amount due upon said tax certificate, and that the same is a first lien upon the equity of the defendants in said Lots 1, 2, 3, and 4 of said Section 8, consisting of 170.1 acres more or less.

To this petition the defendants filed an answer and cross-petition, admitting that the plaintiff is a public corporation, formed as alleged; admitting that the land described therein was included within the Birdwood Irrigation District at the time of its formation; and admitting that the defendants are the owners of a contract for said land from the State of Nebraska.

Defendants further alleged that said land is not subject to be irrigated and cannot be irrigated because of natural causes; that said land is crossed with depressions and knolls; that underlying the top soil is gravel, making said lands worthless; that said lands were originally within the bed of the North Platte River and there are channels and islands and towheads therein; and that said lands are covered with a very thin coating of soil and cannot be irrigated.

The defendants for cross-petition alleged that they are also owners of Lots 1 and 2 of Section 9, lying immediately east of the other land, which Lots 1 and 2 were included within the said irrigation district; that $381.60 of taxes have been levied against said Lots 1 and 2 for the various years from 1927 to the present time, which taxes the defendants have paid, but under protest; that said lands in Lots 1 and 2 in Section 9 are of the same general character of the lands in Section 8; that they cannot be irrigated because of natural causes; and

defendants prayed that the taxes thereon, paid under protest, should be refunded with 6 percent interest.

For a reply and an answer to the cross-petition, plaintiff denied that the depressions and knolls on lots in Section 8 make the land nonirrigable, and alleged that said lands in Section 8 were included in the district at the time of its formation; that a claim for water of the State of Nebraska was made and filed on July 12, 1895, and at a hearing it was found that said lands could be irrigated and benefited; that said lands have been benefited by water furnished by the plaintiff district; that the lands have produced much more hay than they did prior to irrigation; that the water seeps over and onto said lands from the irrigation district, and that defendants have had the beneficial use of said waters; and that the cross-petition should be dismissed.

Trial was had. The taking of evidence was begun on September 18, 1946. On September 20, both sides having rested in the production of evidence, the cause was continued until the lands could be examined by the court, as requested by counsel on both sides, and thereafter briefs were submitted to the court.

The decree of the court, entered November 8, 1946, recited that the court had made a personal inspection of the land and found: That part of the land is covered with good alfalfa, and another part with good prairie grass, making good hay for livestock; that the lands will be benefited by irrigation; that all of the lands can be irrigated profitably; that the ridges were not as bad as testified to by some of the witnesses; and that similar land to that in Section 8 has been profitably irrigated.

The court further found that there was due to the plaintiff district from the defendant, on the tax certificate and the subsequent taxes paid thereon, the sum of $2,150.56, with interest at 7 percent; that the same was a first lien upon said lands; that unless the defendants paid said taxes within 30 days the lands would be

sold for the satisfaction thereof; and that the cross-petition of the defendants should be dismissed.

The defendants, for their assignments of error, charged that the finding of the court that the land can be profitably irrigated is contrary to the evidence; that the finding that similar lands to those in Section 8 are irrigated is contrary to the evidence; that the judgment dismissing the cross-petition is contrary to law; and that the judgment awarding plaintiff a foreclosure of its tax lien is contrary to law.

It was stipulated between the parties that in the claim for water, filed in July 1895, Lots 1, 2, 3, and 4 in Section 8, Township 14 North, Range 31 West of the 6th P. M., in Lincoln County, Nebraska, were included within the lands listed.

The defendants and appellants in their brief stated that they were raising only one question by the appeal in this case. That question was whether or not the lands are irrigable from the works of the plaintiff irrigation district on account of natural causes, and they alleged that they were not raising any question as to the legality of the taxes levied on Section 8.

The evidence discloses that the four lots in Section 8 are over 170 acres in area, and lie between the north bank of the North Platte River and a county highway running north thereof; that Lots 1 and 2 at the east are wild hay land, and that the 50 acres of alfalfa are to the west in Lots 3 and 4; that the irrigation ditch runs along the north side of the road just north of these four lots, and continues on east about two miles.

Exhibits were introduced of minutes of meetings of the board of directors of the Birdwood Irrigation District sitting as a board of equalization. Exhibit No. 8½ is the minutes of the meeting of the board of directors of plaintiff district of May 1, 1928, showing defendant Harry Brodbeck as a member of the board and making the motion to levy a tax of 100 mills on the dollar on the land in the district. He was also present as a board

member at the meeting held May 7, 1929, and he again made the motion fixing the levy for that year. At the meeting on May 7, 1930, he seconded the motion to make a levy of .75 mills on the dollar. He again seconded the motion for the levy on this land under plaintiff's irrigation district on June 2, 1931. Similar minutes were also introduced showing the levy in each of the years in which the delinquent taxes were sold in the tax certificate in suit.

Section 46-176, R. S. 1943, covers the law on the exclusion of land from an irrigation district, the hearing, and the assent of the parties when implied. During the four years while defendant was a member of the board of the plaintiff irrigation district, nor in any other year in which the minutes are set out in the record, do they show any objection of defendants, or any attempt to exclude the land from the district. However, the last provision in said section reads as follows: *"Provided,* in no case shall any land be held by any district or taxed for irrigation purposes which cannot from any natural cause be irrigated thereby."

It appears from this statutory provision just set out that the question, whether or not lands taxed in an irrigation district are incapable of irrigation because of natural causes, can be raised at any time by the owners of the land, and therefore can be raised even in these proceedings on the foreclosure of this tax certificate.

In the case of Sowerwine v. Central Irrigation District, 85 Neb. 687, 124 N. W. 118, it was expressly held that land which from some natural cause is nonirrigable may be detached from the irrigation district, following the rule laid down in the second opinion in Andrews v. Lillian Irrigation District, 66 Neb. 461, 97 N. W. 336, which held that land which cannot from any natural cause be irrigated could not lawfully be held in the district and taxed to support the system.

In the case of Morrow v. Farmers Irrigation District, 117 Neb. 424, 220 N. W. 680, it was said that "If for any

reason growing out of natural causes a particular tract of land does not require additional water to be artificially provided, or is in such a location that water cannot be conducted to it by artificial means, then it cannot be said to be benefited by irrigation."

In State v. Several Parcels of Land, 80 Neb. 424, 114 N. W. 283, this court quotes, in discussing the rule in Andrews v. Lillian Irrigation District, *supra*: " 'Whether a particular tract of land from some natural cause cannot be irrigated is a question which goes to the jurisdiction of the county board over such tract and may be raised at any time in a proper case, because section * * * expressly denies the jurisdiction of the county board to include such land in an irrigation district, or to tax it for irrigation purposes.' "

We therefore reach the conclusion that, under a long line of Nebraska decisions, the question whether or not a certain tract of land by reason of natural causes cannot be irrigated, may be raised in the case at bar in an action to foreclose a tax certificate.

In the instant case, the counsel for both parties joined in a request that the court go out and examine the property involved, and the trial was adjourned for a couple of days so that the court might have ample time to make such an investigation. The court in its decree sets out its findings both from its personal inspection and from the evidence.

The question arises, what weight should be given to the court's finding in this regard? Section 25-1108, R. S. 1943, says that whenever in the opinion of the court it is proper for the jury to have a view of the property which is the subject of the litigation, it may order them to visit the place, under a proper officer.

In Carter v. Parsons, 136 Neb. 515, 286 N. W. 696, this court reviewed many authorities and held: "A trial judge has the same power to view the premises, on a trial without a jury, as exists in him to permit inspection on a jury trial, and such view or inspection is en-

titled to the same effect in both cases." It was further stated that such inspection by the court constitutes evidence, because the relevant and competent facts revealed by such inspection necessarily affect the mind of the trial judge and tend to produce belief or disbelief on any issue.

This question was discussed by this court in Independent Stock Farm v. Stevens, 128 Neb. 619, 259 N. W. 647, in which it was said that the view by the trial court placed it at a vantage point which this court does not have.

In Higgins v. Adelson, 131 Neb. 820, 270 N. W. 502, Taxpayers' League v. Wightman, 139 Neb. 212, 296 N. W. 886, DeVore v. Board of Equalization, 144 Neb. 351, 13 N. W. 2d 451, and Lippincott v. Lippincott, 144 Neb. 486, 13 N. W. 2d 721, the effect of an inspection by the trial judge is discussed from various viewpoints, and from a study of all of these cases it is our conclusion that a court, in making its observation at the locus in quo, takes into account the facts there disclosed, together with the evidence taken on the trial of the case, and the two together form the basis of his determination of the issues involved.

In the case at bar, the evidence as found in the bill of exceptions preponderates in favor of the plaintiff, and considering the findings of the trial court, as heretofore set out herein, based in part on its inspection of the land, no doubt remains that the lands can be irrigated.

In regard to defendants' cross-petition asking for the refund of the irrigation taxes defendants had paid on their land in the adjoining Section 9, for the reason that the land could not be irrigated by reason of natural causes, the situation is governed by section 46-141, R. S. 1943, which provides that the person complaining shall file in the office of the secretary of such irrigation district a copy of his tax receipt, showing that it was paid under protest, together with a sworn affidavit showing

why the tax so paid under protest should be refunded. The evidence does not disclose that the required affidavit was filed by defendants; therefore, not having complied with the law, the court rightly dismissed the cross-petition.

In conclusion, we find that the claim of the defendants that the lands in Section 8 cannot be irrigated because of natural causes was not supported by the evidence, and the findings and decree of the trial court are right and are hereby affirmed.

AFFIRMED.